# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOWARD SMITH,

Plaintiff,

v.

JONG MOON, et al.,

Defendants.

/

CASE NO. 1:12-cv-01153-GBC (PC)

ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S CONCESSION OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Doc. 1

TWENTY-ONE DAY DEADLINE

## I. Introduction

On July 13, 2012, Plaintiff Howard Smith ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. In Plaintiff's complaint, he concedes non-exhaustion, but alleges he has an "emergency situation" for failure to provide morphine instead of Tylenol for knee pain. *See* Compl. at 2-3, Doc. 1.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This

means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B. Analysis**

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. As stated above, In Plaintiff's complaint, he concedes non-exhaustion, but alleges he has an "emergency situation" for failure to provide morphine instead of Tylenol for knee pain. *See* Compl. at 2-3, Doc. 1. Thus, Plaintiff conceded non-exhaustion prior to filing this action. "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)). To the extent that Plaintiff's rights are currently being violated, be it with respect to medical care or to safety concerns, he is not without redress, but redress is not available prior to exhausting his administrative remedies. For example, Plaintiff might file a petition for writ of habeas corpus in state court. *E.g., In re Estevez*, 83 Cal. Rptr.3d 479, 491 (Cal. Ct. App. 2008). Plaintiff might also utilize the prison's internal grievance procedure, or contact the appropriate prison staff member, such as a counselor. In addition, the CDCR provides for expedited "emergency appeals." Cal. Code Regs., tit. 15 § 3084.9(a); *see also* Cal. Code Regs., tit. 15 §§ 3084.2(e); 3084.5(b)(2); 3084.7(i)(5). According to CDCR regulations, the emergency appeal process is to be used when:

> [C]ircumstances are such that the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Emergency circumstances include, but are not limited to:
> (A) Threat of death or injury due to enemies or other placement concerns.
> (B) Serious and imminent threat to health or safety.

Cal. Code Regs., tit. 15 § 3084.9(a)(1). If it is determined that the grievance warrants the "emergency appeal," the administrative remedy process will be expedited with the first level waived and the second level review completed within five working days. Cal. Code Regs., tit. 15 § 3084.9(a)(4). It

is apparent from Plaintiff's concession that he did not avail himself of the expedited administrative remedy process.

In *Ngo*, the Supreme Court held that "full and proper exhaustion of administrative remedies is necessary, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *See Ngo*, 548 U.S. 81, 84, 90, 94. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 91, 103. While the Supreme Court recognized that this may be harsh and will prevent certain prisoner cases from proceeding, the "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85. Plaintiff concedes that he failed to exhaust all his mandatory administrative remedies against defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

**III. Conclusion**

Based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** of the service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated: September 18, 2012

UNITED STATES MAGISTRATE JUDGE